IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMARK LOGISTICS, INC., | Case No. 1:19-cv-2642 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT LTL TRANSP., | **ORDER** |
| Defendant. | |

On October 14, 2019, plaintiff Amark Logistics, Inc.'s ("Amark") filed a complaint in the Cuyahoga County Court of Common Pleas, after cargo was damaged and rendered unsaleable while being transported by defendant UPS Ground Freight, Inc., d/b/a/ UPS Freight LTL Transportation ("UPS"). ECF Doc. 1 at 9-18. Count One of the complaint alleged a state law claim for breach of contract (the "Broker/Carrier Master Transportation Agreement"); Count Two alleged a violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706; and Count Three alleged a state law negligence claim. ECF Doc. 1 at 7-9. On November 12, 2019, UPS removed the case to this court, and on November 18, 2019, UPS moved to dismiss Counts One and Three for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the claims are preempted under the Carmack Amendment. ECF Doc. 5 at 1, 5-7. Amark responds that, because it is a *broker* and the Carmack Amendment preempts only *shippers'* claims, Counts One and Three are not preempted. ECF Doc. 8. In its reply brief, UPS re-asserts its arguments that counts one and three are preempted. ECF Doc. 12 at 2-5. UPS also

contends – for the first time in its reply brief – that: (1) alternatively the court should dismiss Amark's Carmack Amendment claim because a *broker* has no standing to sue a carrier under the Carmack Amendment; and (2) Amark's negligence claim should be dismissed under the "gist of the case" doctrine, which bars tort claims when the basis of the claim arises solely from a breach of contract. ECF Doc. 12 at 5-6.

Because the court agrees that Amark is a broker, and therefore lacks standing to bring a Carmack Amendment claim against UPS, Amark's Count Two claim (ECF Doc. 1 at 7-8) must be DISMISSED. Further, because the court declines to exercise supplemental jurisdiction over Amark's remaining state-law claims, UPS' motion to dismiss Counts One and Three (ECF Doc. 5) must be DENIED AS MOOT. Finally, this action shall be REMANDED to Cuyahoga County Court of Common Pleas, Case No. CV-19-923257.

**I.    Facts**

In July 2013, Amark and UPS entered into a "Broker/Carrier Master Transportation Agreement" (the "Master Agreement"), which generally provided the rates and terms under which UPS would transport goods for Amark's customers. ECF Doc. 1 at 11 (¶8). The Master Agreement identified Amark as a "licensed transportation services broker" engaged in "arranging the transportation of property by authorized motor carriers" for third parties, and UPS as a motor carrier authorized to transport property in interstate, intrastate, and foreign commerce. ECF Doc. 1 at 20 (¶¶A-B).[1] The Master Agreement also described how liability would be distributed in the event of lost or damaged goods as follows:

---

[1] The Master Agreement may be considered on this motion to dismiss because it was attached as an exhibit to and specifically referenced in the complaint. *See Basset v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (The court may consider "the complaint and any exhibits attached thereto . . . so long as they are referred to in the complaint and are central to the claims contained therein."); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 n.7 (6th Cir. 2009) ("The exhibits attached to the complaint are considered part of the complaint for purposes of a motion to dismiss. *See* Fed. R. Civ. P. 10(c).").

> 11. CLAIMS: Broker or customer shall Immediately notify Carrier upon the discovery of any loss of, or damage to, property transported by Carrier under this Agreement. All claims for loss of or damage to property transported by Canter must be filed with and received by Carrier within nine (9) months following delivery (or attempted delivery in the case of refused shipments), except that claims for failure to make delivery must be filed within nine (9) months after a reasonable time for delivery has elapsed, and the failure to file a claim within the applicable time period shall forever bar recovery of the claim,
>
> Any civil lawsuit on account of a claim for loss, damage, Injury or delay shall be Instituted against Carrier not later than two (2) years and one (1) day from the day when written notice is given by Carrier to the claimant that Carrier has disallowed the claim or any part or parts of the claim stated in such notice, and the failure to file a claim within the applicable time period shall forever bar the institution of any such lawsuit. Claims shall be handled pursuant to Principals and practices for the Investigation and Disposition of Freight Claims as set forth in 49 C.F.R. Part 370.
>
> 12. LOSS OR DAMAGE AND CARRIER LIABILITY: Carrier shall be liable for cargo loss or damage as a common carrier as set forth under Title 49 of the United States Code Section 14706 subject to the liability provisions and limits in Carrier's Tariff UPGF 102 series in effect at the time of shipment.
>
> \* \* \*
>
> 21. ATTORNEYS FEES: If it shall be necessary for either party hereto to hire and/or retain legal counsel, pursue any legal remedy, or incur any other expense in order to force the other to comply with and/or perform any of the provisions, conditions, and/or covenants of this Agreement, then the prevailing party shall be reimbursed by the other for the entire reasonable customary costs thereof, and such obligation shall be deemed to have accrued on the date of the commencement of any action and to be enforceable whether or not the action is prosecuted to judgment.

[ECF Doc. 1 at 22-23](#) (¶¶11-12, 21).

Pursuant to the Master Agreement, Amark arranged for UPS to transport five supersacks of Kocide LLC's ManKocide Copper Product (the "Goods") from Arkansas to California. [ECF Doc. 1 at 11](#) (¶10). UPS then received the goods from Kocide LLC. [ECF Doc. 1 at 11](#) (¶12). The Goods were damaged while in UPS' custody, the intended recipient refused delivery, and the Goods were returned to a UPS facility. [ECF Doc. 1 at 11-12](#) (¶¶13-17). UPS hired a

3

HAZMAT response team to clean up and repackage the Goods, and three of the five supersacks were redelivered to the intended recipient. ECF Doc. 1 at 12 (¶¶16-18). But the three redelivered supersacks were no longer able to be sold under federal law. ECF Doc. 1 at 13 (¶¶25-26).

Amark "immediately" filed a claim with UPS, pursuant to Section 11 of the Master Agreement, stating that the total value of the goods was $21,835.58. ECF Doc. 1 at 14 (¶¶28-29). UPS acknowledged responsibility for damage to the Goods but refused to pay the full $21,835.58. ECF Doc. 1 at 14 (¶31). Instead, UPS paid only $223.86 "based upon the belief that the only damage that was incurred was relative to the material that was spilled." ECF Doc. 1 at 14 (¶32).

## II. Legal Standard

### A. Failure to State a Claim

Before filing a responsive pleading, a party may move to dismiss any claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. Jan 4, 2019). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

An argument that a plaintiff lacks *statutory* standing to bring a claim is distinct from the argument that a plaintiff lacks Article III or prudential standing, and it is not a question of subject-matter jurisdiction. *Roberts v. Hamer*, 655 F.3d 578, 580-81 (6th Cir. 2011); *see also Northwest Airlines, Inc. v. Cty. of Kent, Mich.*, 510 U.S. 355, 365 (1994) ("The question of whether a federal statute creates a claim for relief is not jurisdictional."). Instead, the statutory standing issue is treated as a failure-to-state-a-claim argument and reviewed under the same standard as a motion under Rule 12(b)(6). *See, e.g., Roberts*, 655 F.3d at 581.

## B. The Carmack Amendment

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, established a uniform, federal law mechanism through which a shipper may recover for loss or damage caused by an interstate carrier. *See* 49 U.S.C. § 14706; *see also Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148-50 (6th Cir. 2015). Under the Carmack Amendment, a carrier's ability to limit liability for cargo damage is restricted – the carrier is fully liable to the shipper for damage to cargo unless the shipper agrees to some limitation in writing. *Exel, Inc.*, 807 F.3d at 148. This mechanism relieves shippers of the significant burden of proving liability or negligence, while also making potential liability easier to predict for carriers through preempting state and common law claims. *Id.* But "[n]othing in the Carmack Amendment suggests that Congress also intended to protect the broker-carrier relationship by granting brokers a direct right to sue under the statute." *Id.* at 148-49.

## III. Standing Under the Carmack Amendment

Amark has no statutory standing to sue UPS under the Carmack Amendment because Amark has admitted it is a broker, not a shipper. For purposes of the Carmack Amendment, a "broker" is " a person, other than a motor carrier or an employee or agent of a motor carrier, that

5

as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). A shipper, on the other hand, is the owner of the goods being transported. *Cf. Exel, Inc.*, 807 F.3d at 143-44, 149-50 (indicating that, even when a carrier receives goods and a bill of lading directly from a *broker*, the broker's customer who owned the goods was the *shipper*). As Amark contends (ECF Doc. 8 at 2-3), the complaint and its exhibits plainly identify Amark as a broker arranging for transportation of its customers goods through UPS, a motor carrier. *See* ECF Doc. 1 at 11-13, 20-23; *see also* 49 U.S.C. § 13102(14) ("'[M]otor carrier' means a person providing motor vehicle transportation for compensation."). Further, nothing in the complaint, its exhibits, or Amark's opposition brief indicates that Keocide – Amark's customer and the shipper from whom UPS received the Goods – assigned any of its rights or causes of action to Amark. ECF Doc. 1 at 11-12; *Exel, Inc.*, 807 F.3d at 143-44, 149-50 (permitting a broker to proceed on a Carmack Amendment claim as an assignee when the shipper had assigned the claim to the broker). Thus, Amark has no statutory standing to sue UPS under the Carmack Amendment, whether in its own behalf or on behalf of its customer. *Excel, Inc.*, 807 F.3d at 148-49.

Accordingly, because Amark lacks statutory standing to bring a Carmack Amendment claim against UPS, Amark's Count Two claim (ECF Doc. 1 at 7-8) must be DISMISSED for failure to state a claim. *Roberts*, 655 F.3d at 580-81; *Northwest Airlines, Inc.*, 510 U.S. at 365.

**IV.  Remaining State-Law Claims (Breach of Contract and Negligence)**

The court's jurisdiction in this case was entirely dependent upon Amark's flawed Carmack Amendment claim. *See* ECF Doc. 1 at 2-3 (invoking only federal question jurisdiction under 28 U.S.C. § 1331 and 1337(a) because the matter involved a claim for more than $10,000 under 48 U.S.C. § 14706, and removing Amark's related state-law claims in Counts One and Three under 28 U.S.C. § 1441(a)).

Notably, UPS' notice of removal *does not* invoke diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF Doc. 1 at 2-3. Nor could it. Diversity jurisdiction requires the amount in controversy to exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Even if Amark and UPS are diverse parties, Amark seeks to recover for a total loss of only $21,835.58, plus interest and costs. *See* ECF Doc. 1 at 15-17. And even if the court were to aggregate the sum demanded under each theory of recovery in the complaint, the complaint would seek a total of only $65,506.74 ($21,835.58 each for Counts One through Three) or $43,671.16 (if Count Two is omitted), plus interest and costs. *Id.* Thus, jurisdiction over Amark's state-law claims must have come – if at all – through the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). And, once the only claim over which the court has original jurisdiction is dismissed, the court must decide whether to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Because the case has only recently been removed and no substantive actions have been taken in this court, the court declines to exercise supplemental jurisdiction over Amark's state-law claims.

Accordingly, because the court declines to exercise supplemental jurisdiction over Amark's remaining state-law claims, UPS' motion to dismiss Counts One and Three (ECF Doc. 5) must be DENIED AS MOOT. And this action must be REMANDED to the state court where Amark originally filed it. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

V.  **Conclusion**

Because Amark is a broker, and therefore lacks standing to bring a Carmack Amendment claim against UPS, Amark's Count Two claim (ECF Doc. 1 at 7-8) is DISMISSED for failure to state a claim upon which relief can be granted. Further, because the court declines to exercise supplemental jurisdiction over Amark's remaining state-law claims, UPS' motion to dismiss

7

Counts One and Three (ECF Doc. 5) is DENIED AS MOOT. Finally, this action is REMANDED to Cuyahoga County Court of Common Pleas, Case No. CV-19-923257.

    **IT IS SO ORDERED.**

Dated: January 16, 2020

                                              Thomas M. Parker
                                              United States Magistrate Judge